760 So.2d 355 (1999)
STATE of Louisiana, Applicant,
v.
Torrino WIMBERLY, Respondent.
Nos. 32,984-KW, 32,985-KW.
Court of Appeal of Louisiana, Second Circuit.
July 29, 1999.
Michael Owens Craig, Benton, Counsel for Respondent.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Spencer Hays, II, Assistant District Attorney, Counsel for Applicant.
Before NORRIS, CARAWAY and KOSTELKA, JJ.
WRIT GRANTED AND MADE PEREMPTORY. TRIAL COURT ORDER VACATED.
The trial court erred in granting a hearing on an untimely motion to reconsider sentence. The filing of a motion to reconsider is controlled by La.C.Cr.P. art. 881.1, which provides, in pertinent part:
Art. 881.1. Motion to reconsider sentence
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
There is no indication here that the trial court set a longer than normal (30 day) delay in the filing of a motion to reconsider in this case.
The failure to file a motion to reconsider within this delay precludes the trial court from considering the motion. State v. Williams, 96-1587 (La.App. 4th Cir.4/16/97), 693 So.2d 249; State v. Neville, 95-0547 (La.App. 4th Cir.5/16/95), 655 So.2d 785, writ denied, 95-1521 (La.9/29/95), 660 So.2d 851.
Moreover, the court has no authority to amend this hard labor sentence once the defendant has begun serving it. La. C.Cr.P. art. 881A; Neville, supra. The writ is granted and made peremptory, and the trial court's order granting a hearing on the motion to reconsider is vacated.