907 So.2d 844 (2005)
STATE of Louisiana, Appellee
v.
Haymon B. ADAMS, Appellant.
No. 39,792-KA.
Court of Appeal of Louisiana, Second Circuit.
June 29, 2005.
*845 Carey J. Ellis, III, for Appellant.
Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS and LOLLEY, JJ.
WILLIAMS, J.
The defendant, Haymon B. Adams, was charged by grand jury indictment with two counts of distribution of a Schedule II Controlled Dangerous Substance ("CDS"), a violation of LSA-R.S. 40:967, and two counts of distribution of a Schedule I CDS, a violation of LSA-R.S. 40:966. Pursuant to a plea bargain with the state, the defendant pled guilty as charged. He was originally sentenced to serve 30 years at hard labor on each count, and the sentences were to run concurrently.
Subsequently, the trial court granted the defendant's motion for an out-of-time appeal. The trial court also granted the defendant's untimely motion to reconsider sentence, and vacated the original sentences. The defendant was resentenced to serve 15 years at hard labor on each conviction. The defendant now appeals. For the following reasons, the defendant's 15-year sentences are vacated for lack of jurisdiction, his 30-year sentences are vacated as excessive, and the case is remanded with instructions for resentencing.

FACTS
In May and June 2002, an undercover police officer made a series of drug purchases from the defendant. On August 15, 2002, a grand jury indictment was filed, charging the defendant with two counts of distribution of cocaine and two counts of distribution of marijuana. Under two other docket numbers, the defendant was also charged with possession of cocaine, possession of a firearm by a convicted felon, possession of drug paraphernalia and possession of marijuana, first offense. At the *846 time of his arrest, the defendant had a prior felony drug conviction. The defendant pled not guilty to all pending charges.
On September 8, 2003, the defendant entered into a plea agreement with the state. The defendant withdrew his prior not guilty pleas, and pled guilty to all four counts of distribution. The state dismissed the remaining charges, and agreed not to file a habitual offender bill of information. No sentences were agreed upon, but the state agreed that the sentences would run concurrently. The trial court accepted the defendant's plea as voluntarily and knowingly made, and ordered a presentence investigation report ("PSI").
The defendant was sentenced on February 6, 2004. The trial court reviewed the PSI and found that there were no mitigating factors in favor of the defendant. The defendant was sentenced to serve the maximum term of 30 years at hard labor on each of the distribution convictions. Ten years of each sentence for the distribution of cocaine, and five years of each sentence for the distribution of marijuana, were to be served without benefit of parole, probation or suspension of sentence. The sentences were ordered to run concurrently.
On September 30, 2004, the defendant filed a pro se "Motion To Appeal Out Time [sic] and Reconsideration Of Sentence." The defendant's motion detailed a list of mitigating factors that he asserted were not properly considered by the trial court when it sentenced him to the maximum sentences. In an order signed October 4, 2004, the trial court granted the defendant's motion for an out-of-time appeal and set a hearing date on the defendant's motion to reconsider sentence.
The defendant's motion to reconsider sentence was heard on November 4, 2004. The trial court initially stated:
The defendant filed a motion to reconsider his sentence and this motion was granted by the Court. The Court is resentencing the defendant for reasons originally stated.
The trial court then resentenced the defendant to serve 15 years at hard labor on each count. The first two years of each sentence for the distribution of cocaine, and five years of each sentence for the distribution of marijuana, were to be served without benefit of parole, probation or suspension of sentence. The defendant objected to the sentences, and gave oral notice of his intent to appeal.

DISCUSSION

Error Patent:
Our error patent review reveals that the trial court erred in granting the defendant's untimely motion to reconsider sentence and in resentencing the defendant. The defendant was originally sentenced on February 6, 2004. He did not timely appeal, nor did he file a motion to reconsider his sentence within the 30-day delay set by LSA-C.Cr.P. art. 881.1. Instead, seven months after sentencing, the defendant filed a motion styled, "Motion To Appeal Out Time [sic] and Reconsideration Of Sentence." The trial court first granted the motion for an out-of-time appeal, and after a hearing, granted the defendant's motion to reconsider his sentences. The trial court then resentenced the defendant to serve 15 years at hard labor on each of his four convictions. The state did not object to the resentencing of the defendant.
In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentencing, the state or the defendant may make or file a motion to reconsider sentence. LSA-C.Cr.P. art. 881.1(A)(1). There is no indication here *847 that the trial court set a longer than normal delay in the filing of a motion to reconsider sentence in this case. The defendant's failure to file a motion to reconsider within the normal delay precluded the trial court from considering his motion. Moreover, the trial court had no authority to amend the defendant's hard labor sentences once he began serving them. State v. Wimberly, 32,984 (La.App. 2d Cir.7/29/99), 760 So.2d 355. Consequently, we find that the trial court erred in granting the defendant's motion and in resentencing the defendant. Therefore, the defendant's 15-year sentences are vacated for lack of jurisdiction.
In addition, we find that the trial court was correct in granting the defendant's motion for an out-of-time appeal. Since the defendant failed to appeal timely, he had to seek the reinstatement of his right to appeal in the trial court where his conviction was obtained. The appropriate procedural vehicle to seek the exercise of his right to an appeal is an application for post-conviction relief. This court treats the defendant's motion for an out-of-time appeal as an application for post-conviction relief. State v. Counterman, 475 So.2d 336 (La.1985). Thus, we find that the trial court did not err in granting the defendant's motion for an out-of-time appeal.

Excessive Sentences:
The defendant contends the trial court erred by imposing excessive sentences. He argues that lesser sentences would be more appropriate, considering his background and the circumstances of the crimes.
Because the defendant's 15-year sentences are vacated for lack of jurisdiction, only his original 30-year sentences remain. In his motion for an out-of-time appeal, the defendant argued that his 30-year sentences were "constitutionally excessive," because the trial court "arbitrarily formulated" his sentences using the PSI and the factors listed in LSA-C.Cr.P. art. 894.1. He outlined several mitigating factors that were not properly considered by the trial court, and argued that the facts and evidence submitted did not warrant the imposition of maximum sentences.[1] He further argued that the trial court clearly abused its sentencing discretion, because maximum sentences are reserved for the worst type of offenders. The trial court granted the defendant's motion, and we now address the excessiveness of the 30-year sentences.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App. 2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that *848 discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2d Cir.5/12/04), 873 So.2d 939.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offenses and the worst type of offender. State v. Grissom, 29,718 (La.App. 2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). Where a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing the maximum sentence possible for the pled offense. Further, past records of drug offenses weigh heavily in the decision to uphold the imposition of maximum sentences. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Prior to imposing sentence, the trial court reviewed the defendant's criminal history from his PSI, which indicated that the defendant was a second felony offender. In 1992, the defendant was charged with distribution of cocaine. He pled guilty to attempted distribution of cocaine. The trial court noted that the defendant's parole for that conviction was revoked twice before he successfully completed parole. The defendant also had a prior conviction for illegal carrying of a weapon.
The trial court particularly noted and outlined the terms of the plea bargain, and stated that the defendant had "obviously received a tremendous benefit [from the plea bargain]." In ordering the maximum sentences, the trial court found that none of the mitigating factors listed in LSA-C.Cr.P. art. 894.1 applied to this case.
After a thorough review of this record, we find that the record contains scant evidence to support a finding that this case involved the most serious violation of the offenses and the worst type of offender. Although the record shows that the defendant was a second felony offender, his prior felony conviction occurred in 1992. The trial court found that there were no mitigating factors. However, the defendant listed several mitigating factors in his motion for an out-of-time appeal, including, the relatively small amount of drugs involved in the combined offenses; the defendant's acceptance of responsibility for the offenses; the lack of major economic losses resulting from the commission of the offenses; the lack of dangerous weapons used in the commission of the offenses; and the undue hardship placed on the defendant's family by the imposition of the maximum sentences.
Moreover, although the trial court lacked jurisdiction to grant the defendant's untimely motion to reconsider sentence, the trial court resentenced the defendant "for reasons originally stated," and reduced the defendant's sentences in half. Based on the trial court's reduction of the defendant's sentences, we must conclude that the trial court implicitly found that it erred by imposing the maximum sentences. Further, the state was present at the hearing on the defendant's motion to reconsider and did not object to the trial court's reduction of the sentences. Nor has the state argued on appeal any support for the original 30-year sentences. Instead, the state only has argued that the 15-year sentences were within the trial court's discretion.
Under the unique set of facts presented by this record, we find that the original 30-year sentences imposed for this defendant are constitutionally excessive. Therefore, we vacate the defendant's 30-year sentences. We remand this case to the trial court with instructions to resentence *849 the defendant in accordance with this opinion.

CONCLUSION
For the foregoing reasons, we affirm the defendant's convictions. The defendant's 15-year sentences are vacated for lack of jurisdiction. The defendant's original 30-year sentences are vacated as excessive, and the case is remanded with instructions for resentencing.
CONVICTIONS AFFIRMED; FIFTEEN-YEAR AND THIRTY-YEAR SENTENCES VACATED; REMANDED WITH INSTRUCTIONS FOR RESENTENCING.
BROWN, C.J., dissents with written reasons.
BROWN, C.J., dissenting,
The granting of an "out-of-time appeal" without the right to particularize a complaint of excessiveness through a motion to reconsider relegates or limits the claim to constitutional or mere excessiveness. In his motion to reconsider, defendant detailed a litany of mitigating circumstances that he claims were not considered by the trial court; however, because the majority disallowed this motion, the grounds asserted therein may not be considered. Review is limited to whether the 30-year concurrent sentences are illegal, grossly disproportionate to the severity of the crime, or shocking to a sense of justice. Defendant could have received a total of 120 years. The plea agreement dismissed other charges, including possession of a firearm by a convicted felon, and secured the state's agreement that it would not file a habitual offender bill of information. Further, defendant's previous parole was twice revoked. A total sentence of 30 years is not illegal, grossly disproportionate, or shocking.
In my view, when the trial court reestablishes the right of appeal, it may also reestablish the only mechanism by which review of an excessive sentence can be effectively implemented, the right to seek reconsideration of sentence. This was a pro se application. The state did not object, and there was a presumptive showing of fault by defendant's attorney. I would allow the reconsideration and affirm the 15-year concurrent sentences given by the trial court on reconsideration as not excessive.
NOTES
[1] LSA-R.S. 40:967 provides that any person who distributes cocaine "shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years." LSA-R.S. 40:966 provides that any person who distributes marijuana "shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years."