EDWARDS, JUDGE PRO TEMPORE, J.
Defendant appeals his convictions and sentences for possession with the intent to distribute heroin and attempted possession of cocaine on the basis other crimes evidence was improperly admitted, expert testimony was allowed on the packing, sales and trafficking of drugs without any showing of the accepted standards for the expert opinion, and his sentences are unconstitutionally excessive. For following reasons, we affirm Defendant's convictions, amend Defendant's sentence for count one, and affirm as amended. We vacate Defendant's *518 sentence on count two and remand to the trial court for resentencing.
Defendant, Clarence Dixon, was charged in a bill of information on February 6, 2015 with possession with intent to distribute heroin in violation of La. R.S. 40:966(A) (count one) and possession of cocaine in violation of La. R.S. 40:967(C) (count two). The State subsequently amended count two of the bill to charge Defendant with possession with intent to distribute cocaine in violation of La. R.S. 40:967(A). Defendant proceeded to trial on September 13, 2016 before a 12-person jury, which found him guilty as charged as to count one and guilty of the lesser included offense of attempted possession of cocaine on count two.
On October 14, 2016, after denying Defendant's motions for post-verdict judgment of acquittal and new trial and after delays were waived, the trial court sentenced Defendant to 50 years imprisonment at hard labor with the first 10 years without benefit of parole, probation or suspension of sentence on count one and to two and one-half years imprisonment on count two to run concurrently with each other.
FACTS
At approximately 9:15 p.m. on January 23, 2015, Deputy Salvador Provenzano with the Jefferson Parish Sheriff's Office (JPSO) Reserve Task Force and his partner were patrolling in the 6500 block of Airline Highway in a marked police unit when he noticed a Nissan SUV that had a license plate with an expired registration. He initiated a traffic stop and approached the SUV's driver's side while his partner approached the passenger side. Deputy Provenzano observed two individuals, the driver and a passenger, identified as Defendant, inside the vehicle and noted the two were engaged in furtive activity within the vehicle.
He spoke with the driver, Jenny Montecino, who provided her driver's license and indicated that she did not have registration or insurance for the vehicle. Deputy Provenzano learned that Ms. Montecino's driver's license was suspended and that she had several outstanding warrants. Deputy Provenzano's female partner then performed a pat-down search on Ms. Montecino. The deputy subsequently advised Deputy Provenzano that Ms. Montecino indicated she had narcotics in her underwear.
Meanwhile, Deputy Provenzano went to the passenger side of the vehicle where he encountered Defendant, who had a stack of money in his hands that he was trying to hide. Deputy Provenzano explained that Defendant had no identification on him, was not truthful in providing his name and Social Security number, and was acting like he wanted to run or get away, so Deputy Provenzano placed Defendant in handcuffs for safety purposes and advised him of his Miranda[1] rights.
Deputy Nicholas Buttone with the JPSO's Narcotics Division subsequently arrived on the scene to assist with the narcotics investigation. Upon his arrival, he learned that heroin and crack cocaine were recovered from Ms. Montecino's person. Deputy Buttone spoke with Ms. Montecino who advised that additional narcotics, specifically heroin, were located in a motel room at the Knights Inn Motel where she and Defendant were living. A search of the motel room pursuant to a search warrant yielded a bag of heroin containing 43 grams, two bottles of room deodorizer, a digital scale, and Defendant's driver's license.
*519 At trial, Ms. Montecino testified that she had known Defendant for approximately nine years and that he was the father of two of her sons. She recalled that on the morning of January 23, 2015, she took her son to school[2] and returned to the motel room where she and Defendant had been staying for several months. At some point late in the morning after Defendant's customers had been calling his cell phone, the two prepared to leave the room so Defendant could "meet his clients for the sales." Ms. Montecino explained that Defendant sold heroin and crack.
She recounted the traffic stop that morning, explaining that when the police activated their lights to pull them over, Defendant told her to "stuff" the drugs in her pants. She explained that when the officers spoke with her, she willingly turned over the drugs because she was scared and the drugs were not hers. She also told the officers about a red box containing heroin that was in the motel room, as well as a scale and room deodorizer Defendant used to cut the drugs.
Sergeant Joshua Collins with the JPSO testified as an expert in the field of narcotics investigations, distribution, and pricing and packaging. He reviewed the evidence and noted factors-the large amount of money ($2,568) seized from the vehicle and the fact it was mostly in $20 increments, the digital scale, and room deodorizer[3] -that indicated the narcotics in this case, both the heroin and cocaine, were intended for distribution. He also pointed to the amount of heroin, 43 grams, as another factor that was consistent with the intent to distribute. He further opined that although the actual amount of cocaine was small, less than one gram, the totality of the circumstances indicated it was being distributed.
DISCUSSION
Other Crimes Evidence
Defendant first argues there were no valid grounds for the admission of his 2010 convictions[4] for possession of heroin and cocaine, as none of the exceptions listed in La. C.E. art. 404(B)(1) applied. He specifically maintains there was no genuine issue of intent because there was expert testimony that the evidence in the present case was indicative of sales. He claims the State impermissibly used his prior convictions solely to impugn his character and to show his alleged predisposition to commit such acts. Defendant further avers that the 2010 convictions were cumulative evidence and that their probative value did not outweigh the prejudicial effects. He also asserts that the trial court erred in denying his request for a contemporaneous, limiting jury instruction.
Evidence of other crimes or bad acts committed by a criminal defendant is generally not admissible at trial. La. C.E. art. 404(B)(1) ; State v. Prieur , 277 So.2d 126, 128 (La. 1973). However, when such evidence tends to prove a material issue and has independent relevance other than showing that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to the exclusionary rule.
*520 State v. Joseph , 16-349 (La. App. 5 Cir. 12/14/16), 208 So.3d 1036, 1047, writ denied , 17-77 (La. 4/7/17), 218 So.3d 109. Under La. C.E. art. 404(B)(1), evidence of other crimes is allowed to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
In order for other crimes evidence to be admitted under La. C.E. art. 404(B)(1), one of the above enumerated factors in the article must be at issue, have some independent relevance or be an element of the crime charged. Joseph , supra. Additionally, the probative value of the extraneous evidence must outweigh its prejudicial effect. Id. , citing La. C.E. art. 403. The defendant bears the burden to show that he was prejudiced by the admission of the other crimes evidence. Absent an abuse of discretion, a trial court's ruling on the admissibility of evidence under Article 404(B)(1) will not be disturbed. Joseph , 208 So.3d at 1047.
In its notice of intent to introduce other crimes evidence, the State indicated its intent to introduce evidence of a prior act where Defendant possessed heroin and cocaine with the intent to distribute them. The State asserted the evidence was relevant to prove Defendant had specific intent to distribute the drugs found in his possession in the present case. At the contradictory hearing, the State relayed that in connection with the prior act, Defendant had pled guilty to possession of heroin and cocaine after having been charged with possession with intent to distribute both drugs. After argument of counsel, the trial court ruled that the other crimes evidence was admissible as it was relevant to show intent and knowledge. The trial court specifically found the probative value of the evidence outweighed any prejudicial effects.
At trial, the State presented the other crimes evidence through the testimony of Sergeant Mark Layrosson. Sergeant Layrosson testified that he participated in the execution of a search warrant in 2009, and that the search yielded 4.7 grams of crack cocaine, some of which was wrapped in clear plastic bags, and .8 grams of heroin and aluminum foil inside a clear plastic bag with rice. During the execution of the search warrant, Defendant was found inside the residence, holding a razor blade and sitting at a table with narcotics and plastic bags with the corners cut off. A certified conviction packet introduced into evidence showed that Defendant had been charged with possession with intent to distribute heroin and cocaine in connection with the incident and subsequently pled guilty to the amended charges of possession of heroin and cocaine.
In this case, Defendant was charged with possession with intent to distribute heroin and cocaine, which requires proof that he knowingly and intentionally possessed the drug and that he did so with the specific intent to distribute it. La. R.S. 40:966(A) ; La. R.S. 40:967(A) ; State v. Bell , 15-354 (La. App. 5 Cir. 10/28/15), 178 So.3d 234, 240. As such, intent is an essential element of the crime of possession with intent to distribute. Evidence of prior acts of distribution or previous attempts to distribute may be considered in establishing intent. State v. Hill , 11-2585 (La. 3/9/12), 82 So.3d 267 (per curiam ). See also Bell, supra (where this Court found that a prior conviction of possession of cocaine was relevant to establish intent in a subsequent charge of possession of cocaine with intent to distribute).
Sergeant Layrosson testified that Defendant gave a statement in connection with the 2009 incident wherein he admitted the drugs found in the residence belonged to him. Sergeant Layrosson also testified that Defendant was found in possession of a razor blade, which is used to cut narcotics *521 into different sizes. He further testified that the narcotics and plastic baggies with the corners cut were found on the table. He explained that it is common for drug dealers to cut drugs into different sizes, place them in plastic baggies, and tie them up to prepare them for street level sales. We find that this evidence had an independent relevance to show Defendant's intent to distribute heroin and cocaine in the current offenses and, therefore, was admissible for this purpose under La. C.E. art. 404(B)(1).
Additionally, we find no abuse of the trial court's discretion in finding that the probative value of the other crimes evidence outweighed its prejudicial effect. The trial court gave a limiting instruction to the jury before its deliberation specifically instructing the jury that it may not find Defendant guilty of the charged offenses merely because he may have committed another offense. The jury was further instructed that the sole purpose for which the evidence that Defendant was involved in the commission of another offense could be considered was whether it tended to show his intent to distribute the drugs.
Defendant argues the trial court erred in denying his request for a limiting instruction at the time the evidence was introduced despite his written and oral requests that a limiting instruction be given both at the time the State sought to introduce the evidence and again at the time the jury was charged. Under Prieur , 277 So.2d at 130, at the request of the defendant, the court shall give a limiting instruction to the jury as to the limited purpose of the other crimes evidence before such evidence is introduced. This instruction is distinguishable and separate from the required limiting instruction to be given to the jury before deliberation. Id.
The Louisiana Supreme Court has found that the failure to provide a limiting instruction at the time the evidence is introduced is subject to a harmless error analysis. State v. Maise , 00-1158 (La. 1/15/02), 805 So.2d 1141, 1152, overruled in part on other grounds by State v. Bernard , 09-1178 (La. 3/16/10), 31 So.3d 1025, 1030. In Maise , the supreme court found that the trial judge's failure to give a limiting instruction at the time the evidence was introduced was harmless where the trial judge charged the jury with the limiting instruction at the conclusion of the trial. The supreme court noted that there was no indication the trial error had any influence on the defendant's conviction. Similarly, in Bell , 178 So.3d at 242, this Court found that the limiting instruction before deliberations cured the procedural error of the trial court in not giving a limiting instruction at the time the State's evidence was introduced. Likewise, in the present case, we find the limiting instruction before jury deliberations cured the procedural error of the trial court in not giving a limiting instruction at the time the other crimes evidence was introduced.
Based on the foregoing, we find no error in the trial court's ruling allowing other crimes evidence to be admitted at trial.
Expert Testimony
Defendant next argues the trial court erred in accepting Sergeant Joshua Collins as an expert where his alleged expertise was based upon his experience in work that was not outside the jury's understanding and was not based upon a scientific method. He also contends that Sergeant Collins' qualifications were so lacking the trial court abused its discretion in accepting him as an expert. He further asserts that Sergeant Collins was impermissibly allowed to express opinion on decisions *522 that were only within the province of the jury.
As pointed out by the State in its appellee brief, Defendant failed to object to Sergeant Collins' qualification as an expert either before trial or at trial. The record shows that several months before trial, the State filed a notice of expert witness, notifying Defendant of its intent to introduce the testimony of Sergeant Collins as an expert in the field of illicit narcotics, packaging, quantity, and pricing. Defendant did not file an opposition to this motion. Additionally, Defendant did not object to the tender of Sergeant Collins as an expert at trial. In fact, after defense counsel's traversal and the State's tender of Sergeant Collins as an expert in the field of narcotics investigations, distribution, and pricing and packaging, defense counsel expressly stated that he had no objection, after which the trial court qualified Sergeant Collins as an expert in the specified field. Further, we note that while Defendant generally argued that Sergeant Collins' testimony should be disregarded in his motion for post-verdict judgment of acquittal, he never asserted that the trial court erred in accepting Sergeant Collins as an expert or that he lacked the necessary qualifications.
In order to preserve the right to seek appellate review of an alleged trial court error, the party alleging the error must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for that objection. La. C.Cr.P. art. 841 ; State v. Gaal , 01-376 (La. App. 5 Cir. 10/17/01), 800 So.2d 938, 949, writ denied , 02-2335 (La. 10/03/03), 855 So.2d 294. The purpose of the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity, allowing him the opportunity to make the proper ruling and correct any claimed prejudice to the defendant, procedural irregularity, or evidentiary mistake. Id. Further, a defendant is limited to the grounds for objection that he articulated in the trial court, and a new basis for the objection may not be raised for the first time on appeal. State v. Taylor , 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 594.
In the present case, Defendant never objected to the qualifications of Sergeant Collins as an expert or the reliability or admissibility of expert testimony relating to narcotics investigation, distribution, and pricing and packaging. As such, he waived any such objection and the issue is not properly considered on appeal. See State v. Tillery , 14-429 (La. App. 5 Cir. 12/16/14), 167 So.3d 15, 24, writ denied , 15-106 (La. 11/6/15), 180 So.3d 306.
Excessiveness of Sentences
In his final argument, Defendant asserts that both his sentences are unconstitutionally excessive. Defendant first argues that his two and one-half year sentence for attempted possession of cocaine (count two) exceeds the sentence allowed under the statute, and thus is excessive on its face. He next contends that his 50-year maximum sentence for possession with intent to distribute heroin (count one) is excessive considering there were no weapons involved and no record of violence. He contends that the maximum sentence is reserved for the most egregious violations of which this is not. He further asserts that the trial court's failure to consider mitigating factors requires the sentence be vacated and the case remanded for resentencing.
First, we pretermit a discussion of the excessiveness of Defendant's two and one-half year sentence on count two because we must vacate it as discussed infra under our errors patent discussion. However, we note that contrary to Defendant's claim that the sentence is excessive on its face because it exceeds the statutory range, or *523 essentially is an illegal sentence, the sentence is within the statutory range of La. R.S. 40:967 and 40:979 in effect at the time of Defendant's offense.
Second, insofar as Defendant contends his sentences must be vacated and the matter be remanded for resentencing because the trial court failed to consider mitigating factors, we note that Defendant did not raise this ground at the trial court in his motion to reconsider sentence; rather, his motion merely alleged that his sentence on count one was excessive. A motion for reconsideration of sentence must set forth specific grounds upon which the motion is based. La. C.Cr.P. art. 881.1. The failure to state the specific grounds upon which a motion to reconsider is based precludes a defendant from raising issues relating to statutory errors or deficiencies, such as compliance with La. C.Cr.P. art. 894.1, and limits a defendant to a review of the sentence for constitutional excessiveness only. State v. Hunter , 11-787 (La. App. 5 Cir. 4/24/12), 94 So.3d 797, 800. Thus, we will review Defendant's sentence on count one solely for constitutional excessiveness.
Defendant received the maximum 50-year sentence for his possession with intent to distribute heroin conviction, for which the sentencing range is 10-50 years. La. R.S. 40:966(B)(4)(a).
The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Article I, § 20 of the Louisiana Constitution also prohibits cruel and unusual punishment, but further explicitly prohibits excessive punishment. A sentence is constitutionally excessive "if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Davis , 449 So.2d 452, 453 (La. 1984). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson , 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 622, writ denied , 05-244 (La. 12/9/05), 916 So.2d 1048.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion not whether another sentence might have been more appropriate. State v. Dorsey , 07-67, p. 5 (La. App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130, writ denied , 08-1649 (La. 4/17/09), 6 So.3d 786. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson , 07-332, p. 15 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. Id. , 07-332 at 15-16, 975 So.2d at 656. Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Badeaux , 01-406 (La. App. 5 Cir. 9/25/01), 798 So.2d 234, 239, writ denied, 01-2965 (La. 10/14/02), 827 So.2d 414.
In State v. Collins , 09-283 (La. App. 5 Cir. 12/8/09), 30 So.3d 72, writ denied, 10-0034 (La. 9/3/10), 44 So.3d 696, this Court found the trial court did not abuse its discretion in sentencing the defendant to thirty-five years at hard labor for possession of heroin with intent to distribute it from a hotel room. In Collins , this Court noted that prior to the amendment to of *524 La. R.S. 40:966(B) in 2001, the penalty was mandatory life imprisonment, and found no cases since the amendment that were comparable to the facts and sentence. But noted, however, that prior to the amendment of the statute, this Court upheld a mandatory life sentence for a conviction of possession with intent to distribute heroin even though the crime is not a violent offense, and the defendant was only twenty-one years old. (Citing State v. Jackson , 99-1368, p. 8 (La. App. 5 Cir. 5/17/00), 762 So.2d 253, 258, writ denied , 00-1948 (La. 9/21/01), 797 So.2d 60 ). The Collins court further noted defendant's prior felony convictions, which would have subjected him to a sentencing range of 20 years to life, and that the State did not file a habitual offender bill in finding that the trial judge did not abuse his discretion in sentencing the defendant.
In the instant case, the record shows that, when imposing Defendant's sentences, the trial court noted that it had considered the testimony of the witnesses at trial and took into consideration the sentencing guidelines. The trial court also noted Defendant's previous conviction involving narcotics. Considering the amount of heroin seized, Defendant's criminal history, as well as the fact that the State could have filed a habitual bill in this case, we cannot say that Defendant's sentence for count is either unconstitutionally excessive or an abuse of the trial court's discretion.
ERRORS PATENT
Pursuant to La. C.Cr.P. art. 920, we reviewed the record for errors patent and found two errors that require corrective action.
First, the record reflects that the trial judge restricted parole on count one; however, at the time of the offense, La. R.S. 40:966(B)(4)(a) did not provide any restriction on parole. See State v. Gayden , 14-813 (La. App. 5 Cir. 2/11/15), 168 So.3d 766, 768. In cases in which a sentencing error by the trial court does not involve the omission of a restrictive term specified by the legislature as part of the sentence but the imposition of limits beyond what the legislature has authorized in the sentencing statute, this Court has corrected the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence "at any time." Gayden, supra (citing State v. Sanders , 04-17 (La. 5/14/04), 876 So.2d 42 (per curiam) ). Accordingly, we amend the sentence to delete the restriction on parole. We further remand this matter to order the trial court to transmit the original of the corrected uniform commitment order to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See State v. Long , 12-184, pp. 10-11 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La. C.Cr.P. art. 892(B)(2) ).
Second, the trial court imposed an indeterminate sentence on count two because it failed to indicate whether the two and one-half year sentence is to be served at hard labor. Defendant was convicted of attempted possession of cocaine. Under La. R.S. 40:979, he is to be imprisoned in the same manner as for the offense attempted. At the time of his offense, imprisonment for possession of cocaine was to be with or without hard labor. La. R.S. 40:967(C). When, as in this case, the applicable sentencing statute allows discretion, the sentencing court's failure to indicate whether the sentence is to be served at hard labor is an impermissible, indeterminate sentence. State v. Joseph , 16-191 (La. App. 5 Cir. 12/7/16), 205 So.3d 1013, writ denied , 17-299 (La. 11/17/17), 230 So.3d 216. Thus, we are forced to vacate Defendant's sentence on count two and remand the matter *525 to the trial court for the imposition of a determinate sentence in accordance with La. C.Cr.P. art. 879.
DECREE
For the foregoing reasons, we affirm Defendant's convictions for possession with intent to distribute heroin and attempted possession of cocaine. We amend Defendant's sentence for count one, and affirm as amended. We vacate Defendant's sentence on count two and remand to the trial court for resentencing.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART; REMANDED FOR RESENTENCING
JOHNSON, J., CONCURS IN PART, DISSENTS IN PART WITH REASONS
I concur with the majority in affirming Defendant's convictions and in vacating Defendant's sentence on count two for attempted possession of cocaine as indeterminate.[5] However, I find Defendant's maximum 50-year sentence on count one for possession with intent to distribute heroin to be excessive and, therefore, dissent from the majority on this issue.
As noted by the majority, the Louisiana Constitution explicitly prohibits excessive punishment. The deliberate inclusion by the redactors of the Louisiana Constitution of a prohibition against "excessive" punishment in addition to cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution broadened the duty of courts to review the sentencing aspects of criminal statutes. State v. Baxley , 94-2982 (La. 5/22/95), 656 So.2d 973, 977. This constitutional protection against excessive sentence allows courts to review a sentence within the statutorily prescribed range to determine whether the sentence of the particular offender is excessive. Id.
While a trial judge is given wide discretion in the imposition of sentences within statutory sentencing ranges, a sentencing judge does not possess unbridled discretion to impose a sentence within statutory limits. State v. Sepulvado , 367 So.2d 762, 769-70 (La. 1979). "In providing a wide range of criminal sanctions for violations of a statute, the legislature obviously intends that the judge shall exercise his sentencing discretion to impose sentences gradated according to the individualized circumstances of the offense and the offender." Id. at 766. The "interactivity between the range of permissible statutory criminal sanctions and the individualized facts of each case creates a sliding, fact-variant spectrum for a trial judge's discretion under each criminal statute for each particular criminal defendant." State v. Hamdalla , 12-1413 (La. App. 4 Cir. 10/2/13), 126 So.3d 619, 627, writ denied , 13-2587 (La. 4/25/14), 138 So.3d 642.
Although the majority recognizes that maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender, the majority fails to explain how *526 Defendant's offense constitutes the most serious violation or that Defendant is the worst type of offender. The majority simply cites a case, State v. Collins , 09-283 (La. App. 5 Cir. 12/8/09), 30 So.3d 72, writ denied , 10-34 (La. 9/3/10), 44 So.3d 696, wherein the defendant received 35 years for the same charge with similar circumstances, and inexplicably concludes Defendant's maximum 50-year sentence is not unconstitutionally excessive. Collins did not involve a maximum sentence, but rather a mid-range sentence, and thus is not instructive, nor does it lend guidance, on the issue.
In my opinion, the majority simply regurgitates the applicable law without engaging in meaningful review and concludes Defendant's maximum sentence is not excessive. It is clear that the majority fails to apply the three factors to be considered when determining whether a trial court abused its sentencing discretion-the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes by the same court and other courts. State v. Bruce, 11-991 (La. App. 5 Cir. 10/30/12), 102 So.3d 1029, 1035, writ denied , 12-2568 (La. 4/26/13), 112 So.3d 839.
When considering these three factors, it is apparent the trial court abused its sentencing discretion and Defendant's sentence is excessive. Considering the first factor, the nature of the crime, the heroin, 43 grams or 1 ½ ounces, was found in a box in a motel room where Defendant was staying, as testified to by his co-defendant and as evidenced by his driver's license being found in the room, after Defendant and his co-defendant were pulled over for a traffic violation and Defendant's co-defendant divulged the location of the heroin.
Regarding the second factor, the nature and background of the offender, Defendant has prior convictions for possession of heroin and cocaine, both of which are non-violent like the present offense. The Louisiana Supreme Court has stated that "the classification of a defendant's instant or prior offenses as non-violent should not be discounted" and that a court may consider the violent or non-violent nature of the defendant's prior crimes when reviewing a sentence for excessiveness. State v. Johnson , 97-1906 (La. 3/4/98), 709 So.2d 672, 676.
Most telling is the third factor-sentences imposed for similar crimes in this and other courts. The jurisprudence fails to reveal the imposition of a maximum 50-year sentence in a similar situation. Rather, the jurisprudence shows that the sentences imposed for similar offenses for which Defendant was convicted range from 20 to 40 years. See State v. St. Amant , 14-607 (La. App. 5 Cir. 3/11/15), 169 So.3d 535 (where the defendant, who had prior convictions for possession of cocaine, was sentenced to 20 years on each of three counts of distribution of heroin and then resentenced as a second felony offender on one of the three counts to 30 years; the case involved undercover drug buys, and the facts demonstrated that the defendant persistently sold drugs through the use of several middlemen;); State v. Collins , 09-283 (La. App. 5 Cir. 12/8/09), 30 So.3d 72, writ denied , 10-34 (La. 9/3/10), 44 So.3d 696, cited by the majority (where the defendant, who had four prior felony convictions, was sentenced to 35 years for his possession with intent to distribute heroin conviction; the case involved an investigation of persons selling narcotics from a hotel room and a search of the hotel room pursuant to a warrant yielded a clear plastic bag containing four small packages of heroin on the dresser, a clear plastic bag containing marijuana under the mattress, a digital scale, sandwich bags on a table, a razor blade, and $1,145 in currency);
*527 State v. Dee , 09-712 (La. App. 5 Cir. 2/23/10), 34 So.3d 892, writ denied , 10-705 (La. 10/29/10), 48 So.3d 1097 (where the defendant received a 40-year sentence for his possession with intent to distribute heroin conviction; the defendant had a significant criminal history including convictions for manslaughter and attempted possession of cocaine and arrests for aggravated battery, aggravated assault, armed robbery, and possession of a firearm by a convicted felon; the case involved an undercover drug buy from a motel, and a search of the motel room pursuant to a warrant yielded scales, a cutting agent, aluminum foil, and heroin all which indicated the defendant had an ongoing business involving the sale of heroin); State v. Jackson , 05-1281 (La. App. 4 Cir. 11/29/06), 947 So.2d 115, writ denied , 07-24 (La. 9/14/07), 963 So.2d 996 (where the defendant received a 20-year sentence for his conviction of possession with intent to distribute heroin; the case involved the discovery of a clear plastic bag containing rice and 11 tinfoil packets of heroin found in plain view during a traffic stop where there was a three-year-old child in the car). See also State v. Adams , 39,792 (La. App. 2 Cir. 6/29/05), 907 So.2d 844, writ denied , 06-259 (La. 8/18/06), 935 So.2d 136 (where the defendant's maximum 30-year sentences on four counts of distribution of narcotics was found to be excessive in a case involving undercover drug buys).
In really considering these factors and after a thorough review of this record, I do not find that the evidence supports a finding that this case involved the most serious violation of the offense and the worst type of offender.
Furthermore, I note that had Defendant committed the offense 18 months later, he would have been subject to a maximum sentence of only 40 years. Recently, in Acts 2017, No. 281, effective August 1, 2017, the Legislature amended the sentencing range for possession with intent to distribute heroin by reducing it to a range of five to 40 years. While the amendments to La. R.S. 40:966 were not given retroactive effect, that does not mean this Court cannot consider the expression of legislative will at the time the amendment reducing the applicable penalties was passed. See State v. Jarreau , 05-355 (La. App. 4 Cir. 12/14/05), 921 So.2d 155, 162-63, writ denied , 06-131 (La. 6/14/06), 929 So.2d 1267.
While I am cognizant of the destructive impact that controlled dangerous substances have on society, a sentence must be particularized to the offender and the offense. See State v. Riley , 587 So.2d 130 (La. App. 2d Cir. 1991) (where the court found the sentencing judge's concern over the severe social problems involving narcotics improperly outweighed his consideration of the individual offense and offender and, as a result, vacated the defendant's 25-year sentence for possession of more than 400 grams of cocaine as excessive).
For the reasons discussed, I find Defendant's maximum 50-year sentence for possession with intent to distribute heroin is disproportionate to the harm done and shocks one's sense of justice. The 50-year sentence is far more than necessary to protect society's interest and to punish and rehabilitate this offender. As such, I find his sentence is unconstitutionally cruel for this type of defendant, and I would vacate his sentence and remand the matter for resentencing.

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Ms. Montecino testified that her son did not stay with her and Defendant in the motel room but rather was staying with her parents.

Sergeant Collins explained that the room deodorizer found in this case is commonly used as a cutting agent for heroin as it is a similar color and texture. He explained it is mixed with the heroin to increase its weight and, hence, profit.

Defendant asserts in his appellate brief that these convictions occurred in 2009. However, the record shows that while the offenses occurred in 2009, Defendant pled guilty in 2010.

Although we pretermit Defendant's argument that his two and one-half-year sentence for attempted possession for cocaine is excessive because it exceeds the statutory range, I feel compelled to note that Defendant appears to rely on the wrong statutory provision. It appears Defendant's argument is based on the recently amended version of La. R.S. 40:967(C), which changed the penalty provisions for offenses related to Schedule II drugs effective August 1, 2017. Under the 2017 amendments, the penalty for possession of cocaine is dependent on the aggregate weight of the cocaine involved. These amendments have no effect on this appeal, as it is well-settled that the penalty set forth in the statute in effect at the time the offense is committed applies. State v. Sugasti , 01-3407 (La. 6/21/02), 820 So.2d 518, 520.