NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-448

**STATE OF LOUISIANA**

**VERSUS**

**RICHARD LINDSEY GALLIER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 4688-17
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and John E. Conery, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**Fourteenth Judicial District Court District Attorney**
**Daniel Vermaelen**
**Shelley A. Deville**
**Assistant District Attorneys**

**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR STATE-APPELLEE:**
    **State of Louisiana**

**Holli Ann Herrle-Castillo**
**Louisiana Appellate Project**
**P.O. Box 2333**
**Marrero, LA 70073**
**(504) 345-2801**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Richard Lindsey Gallier**

**Richard L. Gallier**
**Elayn Hunt Correctional Center**
**P.O. Box 174**
**St. Gabriel, LA 70776**
**PRO SE**

**PICKETT, Judge.**

## FACTS

The state recited the following facts at the plea hearing on June 29, 2017:

Mr. Vermaelen [Assistant District Attorney]:

> Yes, Your Honor. If this were to go to trial, the State would prove that on or about December 7th, 2016 the defendant, Mr. Richard Gallier, was found to knowingly and intentionally be in possession of a controlled dangerous substance. Our reports later show that the substance to be heroine [sic]. The substance was also found packaged in a manner along with other materials that led officers to reasonably believe that it was possessed with the intent to be distribute. This happened within the confines of Calcasieu Parish.

On June 29, 2017, the defendant entered a plea of no contest to possession of heroin with intent to distribute. The state nolle prossed charges of one count of home invasion and one count of illegal possession of weapons. The district court deferred sentencing and authorized the release of the defendant to the Academy of Training Skills (ATS) as an alternative.

On November 27, 2017, the district court held another hearing in which the defendant admitted to leaving the ATS campus without authorization. The court sentenced him to twenty-five years at hard labor.

The defendant now appeals, assigning a single error through counsel, and four errors pro se.

## ASSIGNMENT OF ERROR

The trial court erred in imposing an excessive sentence.

Pro Se Assignments of Error:

1. The trial court misused its discretion by accepting a (no contest) plea based on a plea bargain of (15) years in custody and therefore, sentencing Appellant to a greater term initially designed for the plea, outside the ameliorative provisions of R.S. 15:308. See, Transcripts-Pages 1-33, 06/29/17, and Transcripts-Pages 1-34, 11/27/17.

2. The public defender failed to negotiate the provisions of C.Cr.P., Art. 881.1, with the Court or the District Attorney's Office before allowing the

Appellant to enter the plea to a bargain that had failed. See, Transcripts-Pages 1-34, 11/27/17.

3. The conviction for R.S. 40:966(B), does not justify the evidence seized and the trial court misused its discretion by not considering the amount of the substance as a mitigating factor when Appellant failed at the ATS Program. See, Transcripts Pages 1-34, 11/27/17.

4. After working for the ATS Program, with all rents paid, the trial court has not reimbursed the Appellant the sum of $1500.00, for work/labor performed at ATS.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

In his sole counsel-filed assignment of error, the defendant argues that his twenty-five-year sentence is excessive. At the time of the offense, La.R.S. 40:966(B)(4)(a) prescribed a sentencing range of ten to fifty years. In that context, twenty-five years is a mid-range sentence.

The defendant did not file a motion to reconsider sentence in the court below. Louisiana Code of Criminal Procedure Article 881.1(E) provides:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

However, as this court stated in *State v. Breaux,* 17-406, pp. 5-6 (La.App. 3 Cir. 11/2/17), 232 So.3d 675, 678-79:

> In some instances, this court has also chosen to review claims of excessiveness despite the lack of a contemporaneous oral motion at sentencing and the filing of a motion to reconsider sentence. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 62 U.S. 1150, 131 S.Ct. 932, 178 L.Ed.2d 775 (2011). In these cases, this court's consideration was limited to only whether the defendants' sentences were unconstitutionally excessive. Given our discretion to review Defendant's claim of

excessiveness or deny his appeal, and in the interest of justice, we choose to review Defendant's claim as a bare claim of unconstitutional excessiveness.

Louisiana courts have set out the following guidelines to be used when reviewing the excessiveness of a sentence. "Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness." *State v. Sepulvado*, 367 So.2d 762 (La.1979).

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating: "La. Const. art. I, § 20 guarantees that, '[n]o law shall subject any person to cruel or unusual punishment.'" The *Barling* court stated that a penalty has to be "so grossly disproportionate to the severity of the crime as to shock our sense of justice" or that it is "nothing more than a needless imposition of pain and suffering" that "makes no measurable contribution to acceptable penal goals" before it can be deemed excessive by an appellate court. *Id*. The *Barling* court further explained what when a sentence falls within statutory limits for a crime, it cannot be set aside absent a manifest abuse of the trial court's discretion. A trial courts' discretion in imposing sentences is broad. *See Barling*, 779 So.2d 1035.

In reviewing a trial court's sentencing discretion for a constitutionally excessive sentence, "there are three factors the appellate court should consider, 'the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts.'" *State v. Guilbeau*, 2011-7 p. 7 (La.App. 3 Cir. 6/22/11), 71 So.3d 1010, 1016, quoting *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La. 6/25/99), 745 So.2d 1183.

We will review the defendant's sentence for constitutional excessiveness.

In this case, the possession of heroin with intent to distribute is a non-violent crime, although the legislature treats it as a serious matter. The sentencing range of ten to fifty years is a weighty penalty. As for the nature and background of the offender, the defendant has prior felonies. At the November 2017 hearing, the prosecutor stated this is the defendant's fifth felony, and the defendant agreed. He has felony convictions for three simple burglaries and a second-degree robbery. This factor weighs against the defendant.

Regarding the final factor from *Lisotta*, 726 So.2d 57, comparison of the sentence to sentences by other courts for similar crimes, earlier this year, a majority opinion by

the fifth circuit upheld a fifty-year sentence "[c]onsidering the amount of heroin seized, Defendant's criminal history, as well as the fact that the State could have filed a habitual bill in this case[.]" *State v. Dixon*, 17-422, p. 12 (La.App. 5 Cir. 3/14/18), 241 So.3d 514, 524. In *State v. Collins*, 09-283 (La.App. 5 Cir. 12/08/09), 30 So.3d 72, *writ denied*, 10-34 (La. 9/3/10), 44 So.3d 696, the fifth circuit upheld a thirty-five-year sentence for possession of heroin with intent to distribute. The jurisprudence cited reveals that the current sentence is not beyond the norms of Louisiana jurisprudence.

In the present case, the quantity of heroin is not clear. However, the record reflects that the defendant is a thirty-five-year-old man with prior felonies. As the court in this case observed, the defendant is susceptible to being charged as a habitual offender. Considering the factors discussed, we find the defendant's twenty-five-year sentence is not excessive.

We will proceed to the pro se assignments of error.

### PRO SE ASSIGNMENT OF ERROR NUMBER ONE

In his first pro se assignment of error, the defendant argues "[t]he plea was tainted by an offer of (15) years, which indicated that a new plea agreement should have been offered or an opportunity to proceed to trial." He also argues that he should have received a more lenient sentence pursuant to La.R.S. 15:308.

A fifteen-year sentence was not part of the plea bargain once the defendant elected to attend ATS. The district court explained the bargain in the following colloquy:

DEFENDANT GALLIER:

Okay. So, if I take the ATS thing --

THE COURT:

But I can get the information and give it to Mr. Coward.

DEFENDANT GALLIER:

Okay. If I take the ATS thing, like, just say something –

4

THE COURT:

And, again, I can't tell you. Some backgrounds are not eligible and some are. Yours may be, may not be. That part I can't tell you until I get the details.

DEFEDANT GALLIER:

All right. So, like just say something and they don't accept me for some reason or whatever tomorrow, or whatever, just say they don't accept me. What's the time on the plea bargain going to be as far as –

MR COWARD:

The joint recommendation they said is 15 years.

THE COURT:

Is that what you said, Mr. Vermaelen?

MR. COWARD:

It is, Judge.

MR. VERMAELEN:

What was the what?

MR COWARD:

The recommendation.

THE COURT:

15 years?

MR. VERMAELEN:

That's what the recommendation was.

THE COURT:

So, if they don't take you at ATS and you come back to the correctional center and come back for regular sentencing, then we'll give you the 15 years.

MR. GALLIER:

Okay.

MR COWARD:

So, this is about five or six or seven.

DEFENDANT GALLIER:

All right. I can deal with that.

THE COURT:

But if they do take you and then it goes back, then it will come off the table. Once you start that program and you're involved with it, that other one is off the table.

DEFENDANT GALLIER:

Yeah, okay.

THE COURT:

Do you understand?

DEFENDANT GALLIER:

Yes, sir. That's kind of what I was worried about right there.

THE COURT:

Do you want to do this today?

DEFENDANT GALLIER:

Yes, sir.

THE COURT:

You're sure?

DEFENDANT GALLIER:

Yeah, yes, sir.

In addition, the court and defense counsel (Mr. Coward) warned the defendant multiple times that once he was accepted to ATS, if he did not fulfill the program's requirements, the fifteen years would be "off the table." Near the beginning of the hearing, defense counsel stated, "He understands if he runs away he's going to get, you know, decades in prison." The court warned the defendant that if he did not complete the ATS program successfully, he would "go to jail for 50 years. It's that simple."

When defense counsel informed the court that ATS personnel had confirmed Defendant would be accepted to the program, the court stated, "So, it looks like the 15 is off the table." Shortly thereafter, the defendant entered his "no contest" plea. Therefore, the fifteen-year term that was discussed earlier in the plea hearing was not a condition of the plea. Thus, this portion of the argument lacks merit.

Regarding La.R.S. 15:308, it does not appear to apply to the current case; the statute specifically refers to 2001 Louisiana Acts No. 403 and 2002 Louisiana Acts No. 45. Neither of those acts are at issue, as they addressed ameliorative measures at the time they were passed. The most recent modification of the pertinent sentencing range was in 2017 Louisiana Acts No 281. This is the act that lowered the sentencing range to five to forty years.

For the reasons discussed, this assignment lacks merit.

## PRO SE ASSIGNMENT OF ERROR NUMBER TWO

In his second pro se assignment of error, the defendant appears to argue that his trial counsel was ineffective for failing to file a motion to reconsider sentence. However, he states that counsel made an oral motion to amend the sentence.[1]

Regarding ineffective assistance of counsel claims, the Louisiana Supreme Court has stated:

> A criminal defendant is guaranteed the effective assistance of counsel. United States Sixth Amendment; La. Const. art. I, § 13; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Washington*, 491 So.2d 1337 (La.1986). To establish a claim of ineffective assistance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and, that counsel's professional errors resulted in prejudice to the extent that it undermined the functioning of the adversarial process and rendered the verdict suspect. *Strickland v. Washington, supra*; *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). This does not mean "errorless counsel [or] counsel judged ineffective by hindsight, but counsel reasonably likely to render effective assistance." *State v. Ratcliff*, 416 So.2d 528, 531 (La.1982).

---

[1]He does not cite a record page regarding when counsel made an oral motion to amend. He cites transcript page 29, but no such motion appears there.

> A claim of ineffectiveness is generally relegated to post-conviction, unless the record permits definitive resolution on appeal. *E.g., State v. Prudholm*, 446 So.2d 729 (La.1984). However, when the record is sufficient for review, this Court will reach the merits of complaints about counsel's performance and grant relief when appropriate. *E.g., State v. Hamilton*, 92-2639 (La. 7/1/97), 699 So.2d 29, 32-35.

*State v. Bright*, 98-398, pp. 40-41 (La. 4/11/00), 776 So.2d 1134, 1157, *reversed on other grounds*, 02-2793, 03-2796 (La. 5/25/04), 875 So.2d 37.

The issue can be resolved with the current record. We conducted the excessive sentence analysis discussed in the previous counsel-filed assignment of error. Ultimately, the failure to file a Motion to Reconsider Sentence resulted in no prejudice to the defendant. Thus, the claim fails. We found no merit to the claim and thus no prejudice pursuant to the ineffective assistance of counsel claim. For the reasons discussed, this assignment lacks merit.

## PRO SE ASSIGNMENT OF ERROR NUMBER THREE

In his third assignment of error, the defendant argues the district court erred by not taking into account the small amount of heroin involved as a mitigating factor. As mentioned earlier, the record does not reveal the exact amount of heroin involved, but our analysis in the counsel-filed assignment of error indicates the sentence is not excessive.

The defendant also raises the possibility that the evidence did not support the conviction, citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). In reviews of convictions resulting from jury or bench trial, such a claim is normally addressed first, as a holding of insufficient evidence will result in acquittal. *State v. Hearold*, 603 So.2d 731 (La.1992). However, reviews of sufficiency of the evidence are precluded when a defendant pleads "no contest." *State v. Miller*, 495 So.2d 422, 426 (La.App. 3 Cir. 1986). Therefore, the assignment lacks merit.

## PRO SE ASSIGNMENT OF ERROR NUMBER FOUR

In his final pro se assignment of error, the defendant argues that ATS owes him money for the time he spent working there. That issue is not a criminal matter, and no record has been developed on this issue. Thus, the assignment of error lacks merit.

## CONCLUSION

The conviction and sentence are affirmed.

**AFFIRMED.**