FREDERICKA HOMBERG WICKER, Judge.
|2In this criminal proceeding, Joshua Ellis, defendant/appellant, who is a first time felony offender, challenges his 25-year hard labor concurrent sentences as constitutionally excessive. Mr. Ellis, who was indicted for two counts of vehicular homicide (La.R.S. 14:32.1), entered Alford guilty pleas to the charges.[1] The trial judge sentenced him to the concurrent sentences, imposed a fine of $5000, and ordered him to complete a court-approved substance-abuse program. The court imposed the first five years of the sentences without benefit of probation, parole, or suspension of sentence. For the reasons that follow, we affirm.

Proceedings Below

The two-count indictment charged Mr. Ellis with committing vehicular homicide on March 9, 2007 while engaged in the *625 operation of a motor vehicle and |3being under the influence of a controlled dangerous substance, marijuana. Count 1 charged him with the homicide of Tiffany Winzy; Count 2 charged him with the homicide of John Martin, Jr. Thus, Mr. Ellis was charged with violating the following sections of La.R.S. 14:32.1:
A. Vehicular homicide is the killing of á human being caused proximately or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle, aircraft, watercraft, or other means of conveyance, whether or not the offender had the intent to cause death or great bodily harm, whenever any of the following conditions exists and such condition was a contributing factor to the killing:
[[Image here]]
(3) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964.
At the guilty plea hearing, the trial judge entered into a colloquy with Mr. Ellis. Mr. Ellis testified that he was 30 years of age, attended high school, and had one semester of community college. He acknowledged that he understood and he was waiving the Boykin triad of constitutional rights, i.e., the right to a trial by jury, the right to confront the witnesses against him, and the privilege against self-incrimination.[2]
Mr. Ellis recognized that he was pleading guilty without any guaranteed sentence and that the trial court was ordering a presentence investigation before making a sentencing decision. Although protesting his innocence, he admitted that if he went to trial, the evidence would show that he was in fact guilty.
A few months later, July 29, 2010, the trial court held a sentencing hearing. At that time, the court took victim impact statements from Brenda Kimble and John Martin, Mr. Martin’s father. Mr. Ellis also gave a statement.
Mr. John Martin stated that he did not know whether he could ever forgive Mr. Ellis because he drove recklessly and caused a tremendous tragedy. He stated |4that the victim, his son, John Martin, Jr., was survived by three sons, two of whom are autistic. One of the sons was trapped in the car with his father while his father died.
Ms. Brenda Kimble stated that her sister, Tiffany Winzy’s mother, was too heartbroken to give a victim impact statement because she lost her only daughter. According to Ms. Kimble, Tiffany Winzy, who was only almost 25 years of age, had only known Mr. Ellis for four months. Tiffany Winzy was survived by her young son. Tiffany Winzy was working, and going to school.
Mr. Ellis stated that he loved Tiffany Winzy and he did not intend to hurt anyone. Rather, he was attempting to avoid an accident. And, he was not intoxicated. He expressed sorrow for the loss but stated that the incident was really just an accident.
Defense counsel, who reviewed the pre-sentence investigation report, objected to the sentencing recommendation.
Afterwards, the trial judge orally and in ■writing explained his reasons for imposing the sentences. He noted that Mr. Ellis, who was 30 years of age at the time of the sentences — three years after the incident — was a first time felony offender. According to the trial judge, the presen-tence investigation report indicated that Mr. Ellis was not eligible for the impact *626 program. The court considered character reference letters submitted by Mr. Ellis. The court also considered Mr. Ellis’s social history, age, and work status. In addition, the trial judge considered statements given at the hearing, and the statements provided in the presentence investigation report. The court determined that Mr. Ellis was in need of correctional treatment at an institution. The court found that after the event, Mr. Ellis was arrested for possession of drugs and driving with a suspended license. The court noted that Mr. Ellis had marijuana in his system; and, the | ¡^accident reports clearly indicated that he was operating his vehicle at an extremely high rate of speed and in an extremely reckless manner. Furthermore, the court noted that Mr. Ellis showed no signs of remorse; he knowingly created a risk of death or great bodily harm to more than one person; and, the offenses resulted in significant permanent injury or significant economic loss to the victim’s family.
After imposing the sentences, the trial judge notified Mr. Ellis that his sentences were subject to diminution of sentence for good behavior pursuant to La.R.S. 15:571.3. La.R.S. 15:571.8 does not form part of the sentence that La.R.S. 14:32.1 requires the trial judge to impose but is a directive to the Department of Corrections in computing an inmate’s sentence. State v. Prejean, 08-1192 (La.2/6/09), 999 So.2d 1135, 1136 (per curiam).
Thereafter, Mr. Ellis filed a motion to reconsider the sentence, urging that the sentences were constitutionally excessive for a first time felony offender. The trial judge denied the motion.

Assignment of Error/Excessiveness of Sentences

On appeal, Mr. Ellis argues that the trial court abused its discretion in imposing excessive sentences for a first time felony offender. He urges that he only had minute traces of marijuana in his system and under the facts of this case, the crimes are not classified as the most egregious or serious crimes to justify the sentences. The state responds that based on the facts presented, and the trial court’s reasons, the sentences are not constitutionally infirm.
■ Under the sentencing statute, La.R.S. 14:32.1(B), Mr. Ellis’s imprisonment exposure was mandatory imprisonment “with or without hard labor for not less than five years nor more than thirty years” and mandatory statutory restrictions of “[a]t least three years of the sentence of imprisonment ... imposed without benefit of probation, parole, or suspension of sentence.” The statute also mandates a fine lfíof “not less than two thousand dollars nor more than fifteen thousand dollars.” In addition, “[t]he court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate in a court-approved driver improvement program.” Id.
Here, the trial judge imposed 25-year hard labor sentences that were above the mid-range and less than five years from the statutory maximum 30-year sentence. He also imposed statutory limitations of five years rather than the minimum three years. However, although the statute allows the total prohibition of parole, probation or suspension of sentence, the trial judge allowed Mr. Ellis parole eligibility after serving five years. The trial judge took into account the possibilities of early release for diminution of sentence for good behavior. In addition, the trial judge imposed a $5000 fine, which was above the statutory minimum fine of $2000 but well below the maximum fine of $15,000. The trial judge further ordered Mr. Ellis to participate in a court-approved driver improvement program — a statutorily mandated requirement.
*627 The trial judge made it possible for Mr. Ellis to secure release on parole after serving one-third of his 25-year term, or approximately 8.33 years at hard labor. La.R.S. 15:574.4(A). Mr. Ellis also remains eligible to earn early release on good time credits. La. R.S. 15:571.3(B)(1). “The availability of early release options is generally a relevant consideration in review of sentences for excessiveness.” State v. LeBlanc, 09-1355, p. 11 (La.7/6/10), 41 So.3d 1168, 1173, citing State v. Green, 418 So.2d 609, 616 (La.1982) and Lockett v. Ohio, 438 U.S. 586, 605, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973 (1978).
Given Mr. Ellis’s parole eligibility after serving five-year concurrent sentences, he reaped a benefit from his plea, which potentially could reduce his 25-year sentencing exposure. In addition, given the extreme circumstances 17surrounding commission of the crimes, where Mr. Ellis was speeding; one child was trapped with his dying father; and, two people died, as well as the trial judge’s finding that Mr. Ellis showed no remorse, we find no abuse of discretion in sentencing.
A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993), citing State v. Scott, 593 So.2d 704, 710 (La.App. 4 Cir.1991); State v. Lobato, 603 So.2d 739, 751 (La.1992) (internal quotation marks omitted).
In light of the above standard expressed in Dorthey, we do not find that the sentences imposed by the trial court, although near the maximum penalty for the offenses, are constitutionally excessive.
Accordingly, we affirm the convictions and sentences.

AFFIRMED

JOHNSON, J., concurs in the result.

. The “best interest" or Alford plea, which derives from the U.S. Supreme Court case, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pleads guilty while maintaining his innocence. State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909, 915. Although the transcript and the Boykin waiver form indicate that Mr. Ellis initially admitted his guilt, the trial judge was not satisfied that Mr. Ellis was admitting the facts. When specifically questioned by the trial judge, Mr. Ellis admitted the victims died but he denied that he was under the influence of any drugs. The trial judge stated that he would not accept his guilty plea. Mr. Ellis explained that he had no confidence in going to trial and just wanted to take a plea. After an off the record discussion, defense counsel stated that Mr. Ellis was entering an Alford plea, protesting his innocence. The trial judge accepted the Alford plea.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).