STATE OF LOUISIANA

VERSUS

MONTANA HYMEL

NO. 22-KA-304

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 74,91, DIVISION "D"
HONORABLE JESSIE M. LEBLANC, JUDGE PRESIDING

February 27, 2023

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Hans J. Liljeberg

**AFFIRMED**
   **RAC**
   **MEJ**
   **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Jeffrey M. Landry
J. Taylor Gray
Grant L. Willis

COUNSEL FOR DEFENDANT/APPELLANT,
MONTANA HYMEL
Emily Posner
James E. Boren

**CHAISSON, J.**

On appeal, defendant, Montana Hymel, asserts that his fifteen-year sentence for vehicular homicide is excessive and that the trial court erred in denying his motion to reconsider sentence. For the reasons that follow, we find no merit to defendant's arguments, and accordingly, we affirm his conviction and sentence.

## PROCEDURAL HISTORY

On August 8, 2016, defendant was charged by bill of information with vehicular homicide while under the influence of alcohol, in violation of La. R.S. 14:32.1. Defendant pled not guilty at his arraignment. On March 12, 2018, defendant withdrew his plea of not guilty and pled guilty as charged pursuant to a plea agreement, in which defendant agreed that the trial court would determine his sentence after reviewing a pre-sentence investigation report.

On July 9, 2018, the trial court conducted a sentencing hearing. After considering the victim impact statements, the pre-sentence investigation report, and the mitigating evidence produced by defendant, the trial court sentenced defendant to fifteen years imprisonment at hard labor with five years to be served without benefit of probation, parole, or suspension of sentence. After sentencing, defendant did not file a motion to reconsider sentence or a motion for appeal.[1]

On May 7, 2020, defendant filed an application for post-conviction relief in the trial court requesting an out-of-time appeal, which was denied on September 21, 2020. Defendant thereafter sought review in this Court. On January 14, 2021, this Court vacated the trial court's judgment and granted defendant's writ application for the limited purpose of remanding the matter to the trial court to hold a hearing, pursuant to *State v. Counterman*, 475 So.2d 336 (La. 1985), in order to determine whether relator is entitled to an out-of-time appeal.

---

[1] At sentencing, the trial court informed defendant of the time period for filing an application for post-conviction relief but did not advise him of the time delays for filing a motion for appeal or of the right to appeal.

*Hymel v. Lock5, L.L.C.*, 20-KH-374 (La. App. 5 Cir. 1/14/21) (unpublished writ disposition).

On October 13, 2021, the trial court conducted a *Counterman* hearing and denied defendant's request for an out-of-time appeal, finding that defendant was "substantially notified of his right to appeal." Defendant thereafter sought review in this Court. On December 16, 2021, this Court granted defendant's writ application, vacated the trial court's October 13, 2021 judgment, and remanded the matter to the trial court with instructions to grant defendant's request for an out-of-time appeal with regard to the imposed sentence.[2] *Hymel v. Lock5, L.L.C.*, 21-704 (La. App. 5 Cir. 12/16/21), 2021 WL 5999977.

On February 1, 2022, defendant filed a motion to reconsider sentence, as well as a motion for appeal. On April 11, 2022, the trial court denied defendant's motion to reconsider sentence but granted his motion for appeal. In his appellate brief, defendant contends that the trial court erred in denying his motion to reconsider sentence and that his sentence is unconstitutionally excessive.

## DENIAL OF MOTION TO RECONSIDER SENTENCE

In his first two assigned errors, defendant contends that the trial court erred in denying his motion to reconsider sentence as untimely and in failing to consider the merits of his motion.

Defendant was sentenced on July 9, 2018. He did not appeal or file a motion to reconsider sentence at that time. On December 16, 2021, pursuant to a writ application filed by defendant, this Court directed the trial court to grant defendant's request for an out-of-time appeal. On April 11, 2022, the trial court signed an order granting defendant an appeal.

---

[2] In so ruling, this Court found that the record did not support the trial court's determination that defendant was "substantially notified of his right to appeal." Further, this Court recognized that defendant was constitutionally entitled to appeal his sentence since he did not plead guilty in exchange for a specified sentence.

On February 1, 2022, subsequent to this Court's directive and prior to the formal granting of an appeal, defendant filed a motion to reconsider sentence. Therein, defendant specifically requested that the trial court reconsider the imposed sentence and resentence him to ten years at hard labor, with the first three years to be served without benefit of parole, probation, or suspension of sentence. Defendant claimed that the reconsideration of his sentence was warranted on the following grounds: 1) The original sentencing judge lacked pertinent mitigation information regarding defendant's work history and ethic; 2) Defendant's attorney called no witnesses to testify on his behalf at the sentencing hearing; 3) Defendant's attorney presented no information about sentences that other similarly situated defendants received, and equity demands reconsideration because similarly situated defendants have been given lesser sentences; and 4) Defendant's current sentence is unconstitutionally excessive. On March 3, 2022, the State filed a response asserting that the trial court was precluded from considering defendant's motion because it was untimely. Further, the State maintained that the trial court lacked authority to amend defendant's sentence, which he had already begun serving.

The record reflects that defendant's motion to reconsider sentence was scheduled for a hearing on March 14, 2022. The minute entry from that date reveals that after the State objected to the defense calling witnesses, the trial court continued the matter to April 11, 2022. The minute entry from April 11, 2022, reflects that the trial court denied the motion to reconsider sentence.[3]

---

[3] The April 11, 2022 minute entry also reflects that outside the presence of the judge, the parties proffered objections for the record and defendant proffered the testimony of two witnesses, who testified about defendant's work ethic and rehabilitation efforts subsequent to the imposition of sentence while participating in the work release program.

Defendant now contends that the trial court erred in finding that his motion to reconsider sentence was untimely and in thereafter failing to consider the merits of his motion.[4] Defendant asserts once this Court reinstated his right to appeal, his sentence was no longer final, and therefore, his right to reconsideration of his sentence should have also been reinstated. He maintains that the denial of his right to have his sentence reconsidered is the equivalent of being denied his constitutional right to appeal his sentence. In his appellate brief, defendant contends that his sentence should be reconsidered because the judge lacked essential mitigation evidence like his employment history, no witnesses were called at his original sentencing hearing, and equity requires that his sentence be reduced as similarly situated defendants have received lesser sentences.

La. C.Cr.P. art. 881.1(A)(1) provides: "In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence." In the present case, defendant was sentenced on July 9, 2018, and filed his motion to reconsider sentence on February 1, 2022. As defendant's motion was filed well beyond the time frame set forth in La. C.Cr.P. art. 881.1(A)(1), we find no error in the trial court's denial of his motion as untimely.

Defendant suggests that the reinstatement of his right to appeal his sentence also effectively restored his right to request a reconsideration of his sentence in the trial court. While this Court directed the trial court to grant defendant an out-of-time appeal in order to have his sentence reviewed on appeal, we did not restore his right to file an untimely motion to reconsider sentence in the trial court.

---

[4] The trial judge's specific reasons for denying defendant's motion to reconsider sentence are not included in the record. The record only contains the April 11, 2022 minute entry reflecting the denial of the motion to reconsider sentence. However, in their appellate briefs, the parties indicate that the trial court denied the motion as untimely.

In *State v. Adams*, 39,792 (La. App. 2 Cir. 6/29/05), 907 So.2d 844, *writ denied*, 06-259 (La. 8/18/06), 935 So.2d 136, the Second Circuit Court of Appeal found that the trial court properly granted the defendant's motion for an out-of-time appeal but erred in granting the defendant's untimely motion to reconsider sentence at the same time. Like defendant in the present case, the defendant in *Adams* did not timely appeal, nor did he file a motion to reconsider sentence within the thirty-day delay set by La. C.Cr.P. art. 881.1. In finding that the trial court erred in granting the defendant's untimely motion to reconsider sentence, the appellate court stated: "The defendant's failure to file a motion to reconsider within the normal delay precluded the trial court from considering his motion." The appellate court also noted that the trial court had no authority to amend the defendant's hard labor sentences once he began serving them. *Id.* at 847.

Likewise, in the present case, defendant's failure to file a motion to reconsider sentence within the time delay set forth in La. C.Cr.P. art. 881.1(A)(1) precluded the trial court from considering defendant's motion. Despite defendant's assertion to the contrary, this Court's reinstatement of his right to appeal did not also restore his right to file an untimely motion to reconsider sentence.[5]

Accordingly, we find no error in the trial court's failure to consider the merits of defendant's motion to reconsider sentence or in denying his motion as untimely.

<u>**EXCESSIVE SENTENCE**</u>

In his next assigned error, defendant challenges his fifteen-year sentence as excessive.

In the present matter, defendant pled guilty to one count of vehicular homicide and was subject to a fine of not less than two thousand dollars nor more

---

[5] In *State v. Woods*, 19-1141 (La. App. 1 Cir. 6/4/21), 328 So.3d 434, 448, the appellate court commented: "An 'out-of-time' motion to reconsider sentence is not contemplated by the Code of Criminal Procedure nor allowed by the jurisprudence."

than fifteen thousand dollars and to a term of imprisonment with or without hard labor for not less than five years nor more than thirty years, with at least three years of the sentence being imposed without benefit of probation, parole, or suspension of sentence. *See* La. R.S. 14:32.1(B). In the instant case, the trial judge imposed a mid-range sentence of fifteen years at hard labor, with five years to be served without benefit of probation, parole, or suspension of sentence.

Defendant now contends that the imposed sentence is unconstitutionally excessive and should be reduced by this Court. To support his argument, defendant points out that his actions were not intentional, that he cooperated with law enforcement and pled guilty, and that he was remorseful for his actions. Further, defendant emphasizes that he is a first-time felony offender, has worked diligently at rehabilitation during his incarceration, has participated in substance abuse treatment, has maintained steady employment during the legal proceedings, and has continued to work through the Louisiana Department of Corrections work release program.[6] Defendant also asserts that sentences imposed by the same court and other courts on similarly situated defendants support his argument that his sentence is excessive and should be reduced.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. *State v. Melgar*, 19-540 (La. App. 5 Cir. 4/30/20), 296 So.3d 1107, 1114. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge

---

[6] On appeal, defendant contends that the trial court lacked mitigation information regarding his work history. However, the pre-sentence investigation report did reflect defendant's employment history through the time of sentencing. Defendant was actually trying to make the trial court aware of his post-incarceration employment and activities.

whether the penalty is disproportionate as to shock the court's sense of justice. *State v. Diaz*, 20-381 (La. App. 5 Cir. 11/17/21), 331 So.3d 500, 519, *writ denied*, 21-1967 (La. 4/5/22), 335 So.3d 836.

A trial judge is afforded wide discretion in determining sentences, and an appellate court will not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D); *State v. Melgar*, 296 So.3d at 1115. The relevant question on appeal is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. St. Amant*, 14-607 (La. App. 5 Cir. 3/11/15), 169 So.3d 535, 545. In reviewing a trial court's sentencing discretion, the reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. *State v. Diaz*, 331 So.3d at 520.

Having considered these factors, we find that the trial court did not abuse its broad discretion in sentencing defendant to a mid-range sentence of fifteen years, with five years to be served without benefit of probation, parole, or suspension of sentence. With regard to the nature and background of the offender, we recognize that defendant is classified as a first-time felony offender and that he has shown genuine remorse for his actions. Further, defendant has participated in substance abuse treatment, attended counseling sessions to cope with his guilt, and has maintained steady employment throughout the legal proceedings. In addition, as noted by defense counsel in the appellate brief, defendant has worked diligently during his incarceration to rehabilitate himself, has had no disciplinary infractions during his incarceration, has fulfilled his responsibilities as a trustee, has continued to work through the Louisiana Department of Corrections work release program, and has consistently displayed a positive attitude and good work ethic while

incarcerated. We commend defendant for these achievements and encourage his continued hard work and rehabilitative efforts.

However, we are also mindful, as was the trial court, of the seriousness of the offense. Defendant chose to drive a vehicle while under the influence of alcohol, and this choice resulted in the death of an individual, as well as great pain and suffering for the victim's family.

Furthermore, our review of sentences imposed for similar crimes supports our conclusion that the sentence imposed by the trial court was not excessive. We acknowledge the cases cited by defendant in support of his assertion that similarly situated defendants have received lesser sentences. However, there are also cases where similarly situated defendants convicted of vehicular homicide have received longer sentences than defendant.

For instance, in *State v. LeBlanc*, 09-1355 (La. 7/6/10), 41 So.3d 1168, 1174-75, the Louisiana Supreme Court held that a sentence of the maximum term of thirty years imprisonment at hard labor, with three years without benefit of parole, was not excessive for a defendant convicted of vehicular homicide. In affirming the trial court's sentence, the Supreme Court noted that because defendant was addicted to drugs, she posed an undue risk of committing other crimes if given a suspended sentence. The court also acknowledged the trial court's statement that although the defendant was a first-time offender, she had knowingly created a risk of death or great bodily harm to more than one person by driving under the impairment of a cocktail of illegal drugs. *Id*. at 1174-75.

In *State v. Ellis*, 10-1019 (La. App. 5 Cir. 5/24/11), 67 So.3d 623, 626-27, *writ denied*, 12-1055 (La. 9/28/12), 98 So.3d 830, the defendant pled guilty to two counts of vehicular homicide without a guaranteed sentence. After a pre-sentence investigation, the trial court sentenced him to concurrent sentences of twenty-five years at hard labor on each count, with the first five years of the sentences to be

served without benefit of parole, probation, or suspension of sentence. On appeal, the defendant argued that his sentences were excessive considering he was a first-time felony offender and only had minute traces of marijuana in his system at the time of the accident. This Court found that the twenty-five year sentences imposed on a first offender were not excessive.

*See also State v. Oliphant*, 48,998 (La. App. 2 Cir. 4/9/14), 137 So.3d 142, 148-49, (in which the appellate court found that a mid-range sentence of eighteen years imposed on a defendant convicted of vehicular homicide was not excessive considering the severe consequences of his crime, where one man was killed and another injured); and *State v. Kotrla*, 08-364 (La. App. 3 Cir. 11/5/08), 996 So.2d 1224, 1227-30, (in which the appellate court affirmed a sentence of sixteen years imprisonment at hard labor on a defendant convicted of vehicular homicide, noting that even though he had no prior felony convictions, the sentence was appropriate given his blood-alcohol concentration was twice the legal limit and his actions resulted in the death of a human being and serious bodily injury to two others).

Considering the nature of the crime, the nature and background of defendant, sentences imposed for similar crimes, and the trial court's evaluation of appropriate factors before imposing sentence, we find that defendant's sentence of fifteen years is not excessive and that the trial court did not abuse its discretion in imposing such a sentence.

## ERRORS PATENT REVIEW

We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). Our review reveals no errors that require corrective action. Accordingly, for the reasons set forth herein, we affirm defendant's conviction and sentence.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY <u>FEBRUARY 27, 2023</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-304**

### E-NOTIFIED
23RD JUDICIAL DISTRICT COURT (CLERK)
HON. JESSIE M. LEBLANC (DISTRICT JUDGE)
HONORABLE STEVEN C. TUREAU (DISTRICT JUDGE)
GRANT L. WILLIS (APPELLEE)     J. TAYLOR GRAY (APPELLEE)          EMILY POSNER (APPELLANT)

### MAILED
JAMES E. BOREN (APPELLANT)          HONORABLE JEFFREY M. LANDRY
ATTORNEY AT LAW                     (APPELLEE)
830 MAIN STREET                     ATTORNEY GENERAL
BATON ROUGE, LA 70802               LOUISIANA DEPARTMENT OF JUSTICE
                                    POST OFFICE BOX 94005
                                    BATON ROUGE, LA 70804