STATE OF LOUISIANA

VERSUS

WENDELL L LACHNEY

NO. 24-KA-170

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-5943, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

December 30, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Timothy S. Marcel

**SENTENCE ON COUNT ONE AFFIRMED;**
**SENTENCE ON COUNT TWO VACATED;**
**REMANDED FOR RESENTENCING ON COUNT TWO**
    **SJW**
    **FHW**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
WENDELL L. LACHNEY
    Frank G. DeSalvo
    Shannon R. Bourgeois

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Juliet L. Clark

**WINDHORST, J.**

Defendant, Wendell Lachney, filed this second appeal regarding his resentencing on remand from this court. For the reasons that follow, we affirm defendant's sentence on count one, vehicular homicide. However, upon error patent review, we vacate defendant's sentence on count two, first degree vehicular negligent injuring, and remand this case for resentencing on count two.

## PROCEDURAL HISTORY

Defendant was charged with vehicular homicide of A.D., while under the influence of alcohol and other drugs, in violation of La. R.S. 14:32.1 (count one) and with first degree vehicular negligent injuring upon Sara Douglas, while under the influence of alcohol, in violation of La. R.S. 14:39.2 (count two). Defendant was arraigned and pled not guilty. The State filed a superseding bill of information, indicating that defendant's BAC was "0.20% or more" on counts one and two, and that he was also under the influence of "other drugs" on count two. Defendant was re-arraigned and pled not guilty. Subsequently, the superseding bill of information was amended to reflect that defendant was born on "01/01/1963" instead of "10/01/1963."

Defendant withdrew his pleas of not guilty and pled guilty to the charged offenses. The trial court heard multiple victim impact statements, including one from Mrs. Douglas, A.D.'s mother and the victim of first degree vehicular negligent injuring (count two). Defendant also addressed the trial court, expressing remorse for the accident.

The trial court then sentenced defendant to thirty years imprisonment at hard labor on count one and to five years imprisonment at hard labor on count two. After acknowledging the victim impact statements and, citing La. C.Cr.P. art. 894.1, the trial court found that defendant posed a risk of reoffending, needed institutional treatment, and that a lesser sentence would undermine the crime's seriousness. In

imposing defendant's sentence, the trial court stated it considered the aggravating factors, which included defendant's prior DWIs, excessive speed, high blood alcohol level (0.22%), and the severe harm caused, and the mitigating factors like defendant's military service, family support, health, and remorse, but ultimately concluded that the mitigating factors did not justify a reduced sentence. Defense counsel objected, stating that defendant's sentence on count one was excessive. The trial judge responded in part, "And as we discussed in the pre-trial, Mr. DeSalvo, I understand that you were going to make that objection." The trial court subsequently denied defendant's motion to reconsider sentence and his Motion to Reconsider Denial of Motion to Reconsider Sentence. Defendant appealed, asserting in his sole assignment of error that his sentence on count one was excessive.

In defendant's first appeal, his sole assignment of error was that his sentence as to count one was constitutionally excessive. Upon review, this court found errors patent in the record that required vacating defendant's sentences on counts one and two and remanding for resentencing. State v. Lachney, 23-78 (La. App. 5 Cir. 10/31/23), 374 So.3d 1027, 1030. As to count one, vehicular homicide, this court found defendant received an illegally-lenient sentence. This court stated that despite the charges of a BAC over 0.20% and two prior DWI convictions, the trial court did not impose the mandatory restrictions on probation, parole, or suspension of sentence as required by La. R.S. 14:32.1 B. As a result, this court vacated defendant's sentence on count one, remanded the case for resentencing in compliance with the statutory requirements, and pretermitted discussion of defendant's sole assignment of error. Id. at 1031-1032. This court also vacated defendant's sentence on count two, first degree vehicular negligent injuring, and remanded for resentencing in compliance with legal requirements, finding that the sentence was unclear. Id. at 1032-35.

On December 13, 2023,[1] on remand, the trial court resentenced defendant as follows.[2] On count one, the trial court sentenced defendant to thirty years imprisonment at hard labor without the benefit of parole, probation, or sentence suspension, designated it as a crime of violence, and ordered defendant to pay a $2,000 fine plus court costs as required by law. The trial court then suspended the fine and court costs due to defendant's indigent status during incarceration. On count two, the trial court sentenced defendant to five years at hard labor, suspended that sentence, and placed defendant on five years active probation, with four years on home incarceration. The court imposed general and special probation conditions, barred defendant from driving upon release, and ordered him to complete a driver education and substance abuse program. The trial court also ordered defendant to pay a $500 fine plus court costs and then suspended that fine and court costs due to defendant's indigent status during his incarceration. The trial court further ordered the sentence for count two to run consecutively to defendant's sentence on count one.[3] Defense counsel objected to the "excessiveness of the sentence," stating she would file a written motion to reconsider sentence.

In defendant's Motion to Reconsider Sentence, defense counsel argued that the offenses for which defendant was sentenced on December 13, 2023, were from a single accident. Defense counsel claimed the maximum sentence for count one, without the benefit of parole, probation, or sentence suspension, is constitutionally excessive, considering defendant's minimal criminal history, military service, and health issues. Additionally, defense counsel referenced a civil lawsuit filed by the family of the deceased victim, A.D., asserting A.D.'s death was partly due to the

---

[1] On December 12, 2023, the State submitted a sentencing memorandum on Parole Eligibility to clarify how to calculate parole eligibility for a defendant convicted of vehicular homicide with a BAC over 0.20%.

[2] Prior to resentencing defendant, the trial court admitted into evidence (1) the transcript of the guilty plea, victim impact statements, and original sentencing; (2) the transcript of the motion to reconsider sentence hearing; and the victim impact statements previously presented during the original sentencing.

[3] Because there were two victims in this incident, the trial court stated it was not necessary to provide additional reasons for imposing consecutive sentences.

dangerous design of the Sienna vehicle. Defense counsel argued the sentence for count one is disproportionate to the offenses and imposes purposeless suffering.

At the motion to reconsider sentence hearing on January 22, 2024, defense counsel submitted the matter on the motion filed. The trial court stated that when defendant's original sentence was imposed, it had considered all relevant factors under Article 894.1 and thoroughly explained the reasons for the sentence imposed on the record. The trial court stated it found nothing in the motion to reconsider sentence, warranting a reassessment of his prior decisions on defendant's sentences. Accordingly, the trial court denied the motion, noting defendant's objection.

This appeal followed.

**FACTS**

The facts were summarized in this court's prior opinion as follows:

> Because defendant pled guilty, the underlying facts were not fully developed at a trial. However, the amended superseding bill of information alleges that on count one defendant "violated La. R.S. 14:32.1 in that he did kill one, A.D., while engaged in the operation of a motor vehicle and under the influence of alcohol with a BAC of 0.20% or more and other drugs;" and that on count two, defendant "violated La. R.S. 14:39.2 in that he did while engaged in the operation of a motor vehicle and under the influence of alcohol with a BAC of 0.20% or more and other drugs, did [sic] inflict serious bodily injury upon Sarah Douglas."

> The State also provided the following factual basis for the guilty pleas:

> [O]n or about October 22, 2021, the defendant, Wendall L. Lachney, violated Louisiana Revised Statute 14:32.1, vehicular homicide, in that he did kill one [A.D.] while engaged in the operation of a motor vehicle and under the influence of alcohol with a BAC greater than 0.20 percent.

> He also violated Louisiana Revised [Statute] 14:39.2, first degree vehicular negligent injuring, in that he did inflict serious bodily injury upon Sarah Douglas while engaged in the operation of a motor vehicle and under the influence of alcohol with a BAC greater than 0.20 percent.

> He did so by recklessly operating a white Infiniti at speeds around 60 miles per hour going southbound on Highway 23. Mr. Lachney was the driver and the sole occupant of that vehicle. He did not apply his brakes, and collided into a minivan lawfully stopped at a stoplight on Highway 23. A bottle of Jack Daniels, a bottle of wine, and an open

container of suspected beer was located inside the defendant's vehicle, as well as marijuana.

The defendant gave statements to police admitting that he had been drinking and had smoked marijuana prior to the collision. Approximately 2 hours and 28 minutes after impact, the defendant consented to a blood draw. Those results showed the defendant's BAC was .22 percent, and that narcotics were present in his system, including THC.

The negligent operation of that vehicle by the defendant caused serious bodily injury to Sarah Douglas, including a concussion, and resulted in the death of a nine-year-old victim, [A.D.].

Lachney, 374 So.3d at 1030.

## LAW and ANALYSIS

In his second appeal, defendant contends his sentence of 30 years for vehicular homicide, imposed without the benefit of parole, probation, or suspension of sentence, is constitutionally excessive and constitutes cruel and unusual punishment.[4] He acknowledges the severity of the offense, which resulted in the death of a child, and expresses deep remorse, but argues no punishment can undo the harm caused. Defendant, however, highlights his minimal criminal history, exemplary military service, and role as a father. He further cites his age (sixty) and health issues, including depression, anxiety, heart disease, and paralysis, as factors warranting leniency. Defendant contends he is not the "worst type of offender" deserving of a maximum sentence, and that this sentence is disproportionate to the crime. Defendant also argues the trial court abused its discretion by failing to provide sufficient reasons for imposing the harshest penalty.

A defendant is precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement. State v. Cross, 06-866 (La. App. 5 Cir. 04/11/07), 958 So.2d 28, 30. Under La. C.Cr.P. art. 881.2 A(2), "A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This

---

[4] On appeal, defendant does not challenge his sentence on count two.

prohibition encompasses sentences imposed pursuant to plea agreements setting forth specific sentences and plea agreements with sentencing caps. State v. Bolton, 02-1034 (La. App. 5 Cir. 03/11/03), 844 So.2d 135, 142, writ denied, 03-1159 (La. 11/14/03), 858 So.2d 417.

Defendant and defense counsel signed and dated the "Waiver of Constitutional Rights Plea of Guilty" form on September 13, 2022, and the trial judge signed it on September 20, 2022 sentencing hearing. Based on this form, defendant was aware of the sentence outlined in the plea agreement and signed the form, indicating he agreed to it. However, the record also reflects that at the sentencing hearing on September 20, 2022, prior to sentencing, defense counsel informed the trial court that defendant agreed to plead guilty but did not agree to the proposed sentence and intended to appeal it. Following an off-the-record bench conference, defense counsel reaffirmed defendant's intent to plead guilty as charged and objected to the proposed sentencing. After sentencing, defense counsel again objected to the sentence as excessive, which the judge acknowledged, referencing prior discussions and indicating awareness of defendant's disagreement with the sentence.

There is very little information regarding any discussions that may have taken place before the September 20, 2022 sentencing hearing, leaving it unclear if, or when, the sentence was discussed. Additionally, it is uncertain why the waiver form signed by defendant on September 13, 2022 was used during the sentencing hearing on September 20, 2023, despite defendant's expressed disagreement with the sentence prior to the colloquy and sentencing. Further, based on the context of the record, it appears the trial court understood that defendant did not agree to the sentence. Given these circumstances, we find defendant did not agree to the sentence set forth in the plea agreement and expressed his disagreement during the guilty plea and sentencing hearing. The record also indicates defendant pled guilty with the

understanding that he could appeal his sentence as excessive, and that he was not told otherwise at the time of the guilty plea and sentencing. Furthermore, we find that defendant properly filed a motion for reconsideration of sentence pursuant to La. C.Cr.P. art. 881.1 B and E.[5] Therefore, under these facts, we find that defendant is entitled to review of his claim of an excessive sentence on appeal.[6]

The Eighth Amendment to the United States Constitution and Article 1, §20 of the Louisiana Constitution prohibit the imposition of excessive punishment. State v. Calloway, 19-335 (La. App. 5 Cir. 12/30/19), 286 So.3d 1275, 1279, writ denied, 20-266 (La. 07/24/20), 299 So.3d 69. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. State v. Ervin, 23-11 (La. App. 5 Cir. 08/30/23), 370 So.3d 1236, 1245, writ denied, 23-1336 (La. 04/9/24), 382 So.3d 816; State v. Woods, 18-413 (La. App. 5 Cir. 12/19/18), 262 So.3d 455, 460. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Barnes, 23-208 (La. App. 5 Cir. 12/27/23), 379 So.3d 196, 204, writ denied, 24-136 (La. 09/24/24), 392 So.3d 1141.

In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. Calloway, 286 So.3d at 1279; State v.

---

[5] La. C.Cr.P. art. 881.1 B provides that a motion for reconsideration of sentence "shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based." La. C.Cr.P. art. 881.1 E provides that "failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."

[6] See State v. Morales, 12-21 (La. App. 5 Cir. 10/30/12), 102 So.3d 1038, 1041 (in which this court stated that although the defendant pled guilty, he did not agree to a specific term or a cap regarding his sentence, but instead, the defendant was made aware of the sentencing range for the offense when he pled guilty, and he was sentenced after the pre-sentence investigation was completed and reviewed by the trial judge); State v. Allen, 03-1205 (La. App. 5 Cir. 02/23/04), 868 So.2d 877, 878 (where this court held that the defendant was not precluded from seeking review of his sentence under La. C.Cr.P. art. 881.2 A(2), since no specific sentence was agreed upon in the plea agreement, and no sentencing cap was set).

Gassenberger, 23-148 (La. App. 5 Cir. 12/20/23), 378 So.3d 820, 840. The trial court is afforded broad discretion in sentencing, and a reviewing court may not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4 D; State v. Corea-Calero, 22-117 (La. App. 5 Cir. 12/28/22), 355 So.3d 697, 701; State v. Hankton, 20-388 (La. App. 5 Cir. 07/03/21), 325 So.3d 616, 623, writ denied, 21-1128 (La. 12/07/21), 328 So.3d 425. On appeal, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. McMillan, 23-317 (La. App. 5 Cir. 12/27/23), 379 So.3d 788, 802, writ denied, 24-131 (La. 09/4/24), 391 So.3d 1057; State v. Dixon, 19-7 (La. App. 5 Cir. 12/30/19), 289 So.3d 170, 174, writ denied, 20-143 (La. 07/17/20), 298 so.3d 176.

In reviewing a trial court's sentencing discretion, three factors are considered: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. Gassenberger, 378 So.3d at 841; Woods, 262 So.3d at 460-461; State v. Allen, 03-1205 (La. App. 5 Cir. 02/23/04), 868 So.2d 877, 880. However, there is no requirement that specific matters be given any particular weight at sentencing. Gassenberger, supra; State v. Tracy, 02-227 (La. App. 5 Cir. 10/29/02), 831 So.2d 503, 516, writ denied, 02-2900 (La. 04/04/03), 840 So.2d 1213.

Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Barnes, 23-208 (La. App. 5 Cir. 12/27/23), 379 So.3d 196, 204, writ denied, 24-136 (La. 09/24/24), 392 So.3d 1141. However, the trial court is granted great discretion in imposing a sentence, and sentences will not be set aside as excessive absent clear abuse of that broad discretion. Gassenberger, 378 So.3d at 841.

At the time the offenses were committed, La. R.S. 14:32.1 B, vehicular homicide, provided in pertinent part:

> B. Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall not be imprisoned with or without hard labor for not less than five years nor more than thirty years . . . If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then at least five years of the sentence shall be imposed without benefit of probation, parole, or suspension of sentence[.]

The trial court resentenced defendant to 30 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The trial court also imposed a $2,000 fine and court costs but suspended both the fine and court costs due to defendant's indigent status during incarceration.

"The nature of the crime [of vehicular homicide] is obviously serious—it is a form of homicide. However, it is a homicide that it not based on an intentional killing." State v. Toney, 23-591 (La. App. 4 Cir. 04/17/24), 390 So.3d 812, 823, writ denied, 24-549 (La. 11/06/24), 2024 WL 4688623. The Louisiana Legislature's continual reassessment of vehicular homicide as a serious felony offense is reflected in its continual increase of the penalty range. Id. The legislature has continually increased the sentencing range—raising the maximum sentence to fifteen years in 1989; to twenty years, without or without hard labor, in 1999; and to the current maximum of thirty years, without or without hard labor, in 2014. Id. "The changes reflect the growing awareness in this state and elsewhere of the carnage caused by intoxicated drivers on the open road." Id. (citing to State v. LeBlanc, 09-1355 (La. 07/06/10), 41 So.3d 1168, 1173).

This court first considers the nature of the crime and the background of offender. The amended superseding bill of information indicated that defendant violated La. R.S. 14:32.1 by killing a nine-year-old victim, A.D., while operating a motor vehicle under the influence of alcohol with a BAC of 0.20% or more, as well

as other drugs. The State provided additional details, stating that, on October 22, 2023, defendant was driving a white Infiniti southbound on Highway 23 at speeds around 60 miles per hour without braking when he collided into a minivan lawfully stopped at a stoplight. The impact resulted in the death of nine-year old A.D., who was a passenger in the minivan. A.D.'s mother, who was driving the minivan, was also injured in the collision. The investigation revealed a bottle of Jack Daniels, a bottle of wine, an open container of suspected beer, and marijuana inside defendant's vehicle. Additionally, defendant admitted that he had consumed alcohol and smoked marijuana before the collision. Approximately two hours and twenty-eight minutes after the impact, a blood draw indicated that defendant's BAC was 0.22 percent, and toxicology results showed the presence of THC. Considering these facts, we find the extent of defendant's impaired condition was established and indicated a reckless disregard for the safety of others, which ultimately lead to the tragic loss of a young life.

Additionally, the trial court heard multiple victim impact statements, including one from Mrs. Douglas, A.D.'s mother and the victim of first-degree vehicular negligent injuring. Mrs. Douglas shared memories of A.D. and described how the crash has impacted her family and community. She recounted the events of that night, explaining that she and A.D. were on a mother-daughter outing when the defendant's vehicle struck them at a red light. Losing consciousness in the collision, Mrs. Douglas fears A.D. may have been calling for her, alone and scared. Upon waking, Mrs. Douglas focused on A.D., watching as bystanders attempted CPR. She described the mental and emotional toll of her loss, haunted by the memory of her own screams that night. She closed her statement with a reading from a book, underscoring her enduring grief and concern that A.D. may not have fully known her love. The court also heard statements from other family members describing the deep impact of A.D.'s death on their lives.

Addressing the court at the original sentencing, defendant expressed deep remorse, acknowledging that no words could suffice and that he could not fathom the pain he caused A.D.'s family. He conveyed that no personal guilt or self-hatred could match the suffering he inflicted, wishing it had been him, not A.D., who had died. At resentencing, the court specifically took judicial notice of State's Exhibit 1, the original sentencing transcript, explaining that it included the court's specific considerations under Article 894.1. At the original sentencing, the court recognized that defendant had supported his wife, daughters, and grandchildren, and that he had a twenty-year military career. The court also acknowledged his age, medical conditions, and that he had accepted responsibility for his actions.

However, the court indicated it was also aware of defendant's prior criminal record, including two previous DWI convictions.[7] The court also considered that defendant's BAC was 0.22%, and that his actions caused significant injuries to another victim. The court further pointed out the circumstances of the incident, specifically that defendant was driving in excess of sixty miles per hour in a forty-five-mile-per-hour zone, resulting in A.D.'s death. The court explained that it had considered both the aggravating circumstances under Article 894.1 and the mitigating factors but ultimately concluded that no mitigating considerations justified reducing defendant's sentence.

This court also considers the final factor which requires consideration of sentences imposed for similar crimes by this court and other courts. We find the record supports the sentence and trial court did not abuse its discretion in sentencing defendant to 30 years imprisonment without benefit of parole, probation, or suspension of sentence. See LeBlanc, *supra*, State v. Ellis, 10-1019 (La .App. 5 Cir. 05/24/11), 67 So.3d 623, writ denied, 12-1055 (La. 09/28/12), 98 So.3d 830; State

---

[7] Defense counsel informed the trial court and the court acknowledged that the prior DWI convictions were over 20 years ago.

v. Presentine, 51,241 (La. App. 2 Cir. 4/5/17), 217 So.3d 590; State v. Matthews, No. 18-KA-1107, 2019 WL 927849 (La. App. 1 Cir. Feb. 25, 2019), writ denied, 19-501 (La. 9/17/19), 279 So.3d 379, cert. denied, --U.S. --, 140 S.Ct. 1286, 206 L.Ed.2d 266 (2020); State v. Melancon, No. 2021-KA-1489, 2022 WL 4286614 (La. App. 1 Cir. Sept. 16, 2022), writ denied, 22-1544 (La. 1/25/23), 354 So.3d 9.

Nonetheless, while a comparison of sentences imposed for similar crimes may provide insight, sentences must be individualized to the particular offender and to the particular offense committed. State v. Ducksworth, 17-35 (La. App. 5 Cir. 12/13/17), 234 So.3d 225, 237. Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." State v. Amaya-Rodriguez, 19-91 (La. App. 5 Cir. 11/13/19), 284 So.3d 654, 664.

In the present case, defendant's dangerous decision to drive under the influence of alcohol and other drugs caused the death of the nine-year-old victim, A.D. (count one), and caused injuries to her mother (count two). His actions on that date demonstrated a reckless disregard for the safety and lives of others. Additionally, he has caused enormous pain and suffering to the victims' family. Although defendant received the maximum sentence of imprisonment, the statute permits a sentence of both imprisonment and imposition of a fine not more than fifteen thousand dollars. See La. R.S. 14:32.1. Although the court imposed a $2,000 fine, significantly below the maximum, the court suspended the fine and court costs due to defendant's indigent status during incarceration. Thus, we find defendant did not technically receive the maximum sentence for vehicular homicide. We further find that the "circumstances of the present case so clearly demonstrate why the legislature has steadily increased punishment for the crime of vehicular homicide, and the decision where to place defendant's conduct on that broad sentencing continuum fell with the discretion of the [trial court]." LeBlanc, 41 So.3d at 1173.

Accordingly, after considering the three factors as applied to the instant case, we conclude that defendant failed to demonstrate his sentence is constitutionally excessive. We therefore cannot conclude the trial court abused its wide discretion in sentencing defendant on count one, vehicular homicide.

**ERRORS PATENT**

The record was reviewed for errors patent according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). The following error patent requires correction.

As to count two, first degree vehicular negligent injuring, we find defendant's sentence is illegal because he was sentenced to an excessive probationary period. By placing defendant on active probation for five years, the court exceeded the time allowed by La. C.Cr.P. art. 893. At the time of offense, the probationary period was a maximum of three years. See La. C.Cr.P. art. 893 A(1)(a). Since the offense in the present case does not fall within any of the exceptions outlined in the statute, we find the probationary period in this case should not exceed three years.[8] See State v. McKinney, 21-721 (La. App. 3 Cir. 04/6/22), 337 So.3d 931, 937.

An appellate court is authorized to correct an illegal sentence pursuant to La. C.Cr.P. art. 882 A, when the sentence does not involve the exercise of sentencing discretion by the trial court. See State v. Haynes, 04-1893 (La. 12/10/04), 889 So.2d 224 (*per curiam*). Unfortunately, we find correction of this error involves the sentencing discretion of the trial court, and therefore, this court is unable to amend defendant's sentence. Further, the several requirements of La. C.Cr.P. arts. 895 J

---

[8] The record further does not reflect that the trial court:
 (1) gave defendant a certificate setting forth the conditions of probation and that defendant agreed in writing to those conditions as required by La. C.Cr.P. art. 895 J;
 (2) specified all of the conditions of home incarceration at the time of sentencing; and
 (3) gave defendant a certificate setting forth the conditions of his home incarceration as required by La. C.Cr.P. art. 894.2 C & D.
Because we are vacating defendant's sentence on count two and remanding for resentencing in compliance with La. C.Cr.P. art. 893, the requirements of La. C.Cr.P. art. 894.2 C & D can be satisfied at resentencing.

and 894.2 C & D can also be satisfied. Accordingly, defendant's sentence on count two is vacated, and this case is remanded for resentencing in compliance with this court's instructions as stated herein.

**DECREE**

For the reasons stated herein, we affirm defendant's sentence on count one. Further, upon error patent review, we vacate the sentence on count two and remand for resentencing in compliance with this court's instructions as stated herein.

**SENTENCE ON COUNT ONE AFFIRMED; SENTENCE ON COUNT TWO VACATED; REMANDED FOR RESENTENCING ON COUNT TWO**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 30, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**24-KA-170**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
FRANK G. DESALVO (APPELLANT)          JULIET L. CLARK (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

### MAILED

SHANNON R. BOURGEOIS (APPELLANT)
ATTORNEY AT LAW
739 BARONNE STREET
NEW ORLEANS, LA 70113

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053